OPINION
PER CURIAM.
Appellant Rasheen Johnson appeals from an order of the United States District *797 Court for the Middle District of Pennsylvania denying his petition for writ of habe-as corpus filed pursuant to 28 U.S.C. § 2241.
Johnson is currently confined at the Canaan United States Penitentiary in Way-mart, Pennsylvania.[1] On November 3, 2008, Johnson filed a § 2241 petition claiming that the Bureau of Prisons (“BOP”) failed to credit his sentence for the time period from January 13, 2003 (when he was transferred from State custody to federal custody to face trial on federal charges) through December 18, 2003 (the date he was sentenced on his federal conviction).
In September 2001, while Johnson was on parole on a state conviction, he was arrested in Missouri for unlawful use of a firearm, a violation of state law. Shortly thereafter, the State released Johnson on bond and later nolle prossed the charge. His release was short-lived, however, because he was arrested in October 2001, and taken into state custody on a parole violation warrant issued by the Missouri Department of Probation and Parole.
In January 2002, while he was in state custody on the parole violation, Johnson was indicted in the Eastern District of Missouri on the federal charge of being a felon in possession of a firearm. On January 13, 2003, he was transferred from State custody to Federal custody pursuant to a writ of habeas corpus ad prosequen-dum for trial. He was found guilty by a jury thereafter and he was sentenced on December 18, 2003, to ninety months of imprisonment. The federal sentencing court recommended that Johnson’s federal sentence commence immediately so that it would run concurrently with his state parole violation sentence. The Missouri Department of Corrections was designated as Johnson’s place of confinement for purposes of his federal sentence. Johnson served his state and federal sentences concurrently in the state prison until June 1, 2004. On June 1, the Missouri Department of Corrections gave Johnson credit for the time he spent in federal custody from January 13, 2003, through December 18, 2003, and released him on parole. He was thereafter transferred to the custody of federal authorities to serve the remainder of his federal sentence at the Federal Correctional Institution in Greenville, Illinois, and then USP Lewisburg.
In his § 2241 petition, Johnson asserted that he had requested at his federal sentencing that the judge order his sentence to begin immediately so that the Bureau of Prisons could give him credit for the year that he spent in federal custody awaiting trial. In support of his contention, Johnson attached a copy of the federal Judgment in which the sentencing court ordered the federal sentence to “begin immediately.” Johnson sought credit “for all the time he spent in the Federal Detention Center,” from January 13, 2003 through December 18, 2003. He' argued that credit should be given because the state conviction underlying his parole violation was vacated. The BOP responded and Johnson filed a traverse, asserting that the State of Missouri no longer had primary custody of him when he was transferred to the Federal Detention Center pursuant to a writ of habeas corpus ad prosequendum on January 13, 2003. He also contended that his state conviction had been dismissed by the state court pursuant to the grant of state habeas corpus relief in May 2004, and he attached a copy of a state court order in support of his contention.
*798 The District Court denied § 2241 relief, holding that 18 U.S.C. § 3585(b) barred Johnson from receiving credit towards his federal sentence for time served from January 13, 2003, through December 17, 2003, because the Missouri Department of Corrections had credited his state parole violation sentence for the same time period. The court rejected Johnson’s argument that the State of Missouri lacked primary custody as of January 13, 2003, noting that the state remained the primary custodian when Johnson was in federal custody pursuant to a writ ad prosequendum, because the state did not relinquish its jurisdiction over the him. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir.2000) (overruled on other grounds). The District Court also rejected Johnson’s contention that the state had no lawful jurisdiction over him during the time period in question because the state conviction underlying his parole violation was dismissed in 2004. The court noted that the state court order Johnson submitted in support of his contention established only that his state sentence was corrected to run concurrently with another state sentence, and thus it had no bearing on the federal sentence. Johnson filed this timely appeal.
We will affirm. We have jurisdiction under 28 U.S.C. § 1291. As the issues here are legal in nature, we exercise plenary review. Barden v. Keohane, 921 F.2d 476, 479 (3d Cir.1990). The authority to calculate a federal prisoner’s period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). We may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice. Barden, 921 F.2d at 479. We have carefully reviewed the record and we fully agree with the District Court’s reasoning and conclusion that the BOP could not commence Johnson’s federal sentence before December 18, 2003. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. See 18 U.S.C. § 3585(a). See also United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir.1990). By designating the Missouri Department of Corrections as the place for Johnson’s federal sentence to be served initially, the BOP gave effect to the federal sentencing judge’s decision that Johnson’s federal. sentence begin immediately. Johnson wanted to be credited for time served in state custody before he was sentenced on his federal conviction. 18 U.S.C. § 3585(b) prohibits the BOP from awarding credit for túne spent in state custody prior to the imposition of a federal sentence. See Wilson, 503 U.S. at 337,112 S.Ct. 1351 (explaining that Congress made it clear in § 3585(b) that a defendant could not receive double credit for his detention time). Johnson was not entitled to any credit against his federal sentence for the time spent in the Federal Detention Center pursuant to a writ of habeas corpus ad prosequendum from January 13, 2003, to December 17, 2003, because the Missouri Department of Corrections had credited the same time period towards his state parole violation sentence.[2]
*799 Johnson reiterates on appeal that his state conviction underlying his parole violation sentence was dismissed and therefore, the state lacked lawful authority to hold him in primary custody from January 13, 2003 through December 17, 2003. We agree with the District Court’s conclusion that Johnson’s argument is meritless. The court order Johnson submitted in the District Court shows only that his state sentence was corrected, not vacated or dismissed.
Accordingly, we will affirm the order of the District Court denying Johnson’s habe-as corpus petition.

. He was confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg”), at the time he filed the § 2241 petition.

. Johnson argues that crediting his federal sentence with time served for the time period in question does not result in double-crediting because the federal sentencing judge ordered that the federal sentence run concurrently with his state parole violation sentence and the BOP designated the Missouri Department of Corrections as the place of his confinement for purposes of his federal sentence. (See Informal Brf. at 9). He does not address the most important fact, which is that the Missouri Department of Corrections had already credited the time he served toward the parole violation sentence.